**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF                                      6500 Cherrywood Lane
TIMOTHY J. SULLIVAN                          Greenbelt, Maryland 20770
UNITED STATES MAGISTRATE JUDGE              Telephone: (301) 344-3593

February 14, 2022

LETTER TO COUNSEL:

        RE:     *Yohannes M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
                  Civil No. TJS-20-3031

Dear Counsel:

        On October 19, 2020, Plaintiff Yohannes M. petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 21. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

        Yohannes M. protectively filed his application for DIB on April 25, 2017. Tr. 17. He alleged a disability onset date of June 26, 2016. *Id.* His application was denied initially and upon reconsideration. *Id.* Yohannes M. requested an administrative hearing, and a hearing was held on December 19, 2019, before an Administrative Law Judge ("ALJ"). Tr. 34-71. In a written decision dated January 24, 2020, the ALJ found that Yohannes M. was not disabled under the Social Security Act. Tr. 14-33. The Appeals Council denied Yohannes M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

        The ALJ evaluated Yohannes M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Yohannes M. had not engaged in substantial gainful activity since June 26, 2016, the alleged onset date. Tr. 20. At step two, the ALJ found that Yohannes M. suffered from the following severe impairments: lumbar degenerative disc disease with radiculopathy and depression. *Id.* At step three, the ALJ found Yohannes M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

("Listings"). Tr. 20-21. The ALJ determined that Yohannes M. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except:

- Can lift and carry, as well as push and pull 20 pounds occasionally and 10 pounds frequently

- Sit 6 hours, stand 4 hours, walk 4 hours in an eight-hour workday.

- Never climb ladders, ropes and scaffolds or crawl. Occasionally climb ramps and stairs, balance, stoop, kneel and crouch.

- Never work at unprotected heights, never work with exposed moving mechanical parts. Occasionally operate a motor vehicle. Never work in extreme heat or extreme cold.

- Can do routine and repetitive tasks where pace of work is determined by the person, but general production demands are met.

- Limited to simple work-related decisions.

- Can respond appropriately to supervision and oversight for things like instruction and re-direction by supervisors.

- Limited to work requiring only interactions with co-workers and the public that do not involve persuading, negotiating, or instructing.

- Limited to tolerating few changes in a routine work setting defined as capable of work in a stable work environment where work place and work process remain generally the same at least two-thirds of the time.

Tr. 21-22.

At step four, the ALJ determined that Yohannes M. was unable to perform past relevant work. Tr. 26-27. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Yohannes M. can perform, including "ticket taker"; "assembler, electrical accessories"; and "assembler, small products I." Tr. 28-29. Accordingly, the ALJ found that Yohannes M. was not disabled under the Social Security Act. Tr. 29.

Yohannes M. argues that this case must be remanded for further proceedings because (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not account for his moderate limitation in concentrating, persisting, or maintaining pace in the RFC assessment; (3) the ALJ did not explain how, despite

his moderate limitation in concentrating, persisting, or maintaining pace, he would be able to remain on task for more than 90% of an eight-hour workday; (4) the ALJ failed to evaluate pertinent evidence; and (5) the ALJ did not properly evaluate his subjective complaints. ECF No. 14-1 at 3-16. For the reasons discussed below, however, these arguments are without merit.

Yohannes M. first argues that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion. ECF No. 14-1 at 10-12. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The ALJ's decision contains a detailed discussion of the evidence of record, including Yohannes M.'s subjective reports of his condition over time, his reported daily activities, treatment notes containing observations of his condition over time, and medical opinions. Tr. 22-26. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. *Id.* Contrary to Yohannes M.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how she weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Yohannes M.'s arguments on these points are without merit.

Yohannes M. next argues that, contrary to the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638, the ALJ's RFC determination does not account for his moderate limitations in concentrating, persisting, or maintaining pace ("CPP") that the ALJ found as part of the step three analysis (Tr. 21). ECF No. 14-1 at 12-13. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Yohannes M. contends that, while the ALJ "did include a limitation that [he] was capable of performing routine and repetitive tasks where pace of work was determined by the person, but he could still meet general production demands, this limitation is in actuality no limitation at all." ECF 14-1 at 13 (citation omitted). "What this limitation essentially says is that the individual can work at *any* pace that he chooses, yet still satisfy the production requirements of the job." *Id.* "The law does not require ALJs to use certain words, or to refrain from using others, to describe the pace at which a claimant is able to work," however. *Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020). "Ideally, the ALJ would have brought to the surface what is surely implicit in the [RFC] determination—that any pace-based goals must be *reasonable* as a way of signaling that the employer could not set the bar beyond the person's functional reach." *Id.* "[T]he jobs the vocational expert suggested inherently reflected such a reasonableness limitation." *Id.* "Although [Yohannes M.] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC." *Id.* (finding that RFC assessment limiting claimant to work only in an environment that allowed claimant "to sustain a flexible and goal oriented pace" was not too vague to guide any determination of what work claimant could perform over an entire workday).

Moreover, in finding that Yohannes M. had moderate limitations in his ability to concentrate, persist, or maintain pace, the ALJ noted that Yohannes M. was "able to prepare meals, read, manage funds, and attend church." Tr. 21. The ALJ also discussed Yohannes M.'s ability to concentrate, persist, or maintain pace later in her decision, noting the prior administrative medical findings of E. Edmunds, Ph.D., the state agency psychological consultant who found that Yohannes M. had a moderate limitation in concentrating, persisting, or maintaining pace but was "able to perform simple tasks on a sustained basis, at a consistent pace, in a competitive, work-related setting where more complex instructions can be supplemented as needed by written or visual memory aids." Tr. 25, 89, 95. Dr. Edmunds also noted the lack of psychiatric treatment, psychiatric referrals, and discussion of psychological issues in the medical evidence of record. Tr. 95. The ALJ found Dr. Edmunds's assessment to be persuasive (Tr. 25). *See* 20 C.F.R. § 404.1520c.

The ALJ explained that Yohannes M.'s assessed RFC to performing, among other things, simple work-related decisions and routine, repetitive tasks was supported by the objective medical evidence of record, Yohannes M.'s activities of daily living, and the opinion evidence. Tr. 26. The ALJ thus "explain[ed] how substantial evidence supports [her] conclusion as to [Yohannes M.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Edmunds's] opinion with respect to [Yohannes M.'s] work capabilities and [his] mental limitations makes clear the ALJ relied on substantial evidence in finding that [his] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Yohannes M.'s argument that remand is warranted under *Mascio* is without merit.

Yohannes M. next maintains that the ALJ failed to explain how, despite his moderate limitations in concentrating, persisting, or maintaining pace, he would be productive or remain on task for more than 90% of an eight-workday. ECF 14-1 at 13-15. The VE testified that an individual who would be off task 10% an hour or absent one day per month would be precluded from work. Tr. 67-68. The ALJ, however, did not ultimately include such a limitation in Yohannes M.'s RFC. "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021) (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ provided limitations in the RFC assessment to account for Yohannes M.'s mental limitations. Tr. 22. "Accordingly, the ALJ did not err by failing to explain how [Yohannes M.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with [less than a ten] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Yohannes M. also contends that the ALJ failed to evaluate evidence of his physical therapy. ECF No. 14-1 at 15-16. ALJs need not mention every piece of evidence, however, so long as they build a logical bridge from the evidence to their conclusions. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Here, however, the ALJ did acknowledge Yohannes M.'s physical therapy notes throughout 2019 before finding that, despite treatment, he had functional limitations due to physical and mental health impairments. Tr. 24-25 (citing, *inter alia*, Tr. 474-539). Remand on this basis is thus not warranted. *See Reid*, 769 F.3d at 865 ("The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word.").

Last, Yohannes M. argues that the ALJ did not properly evaluate his subjective complaints. ECF No. 14-1 at 3-7. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available

evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Yohannes M.'s subjective complaints. The ALJ first found that Yohannes M.'s severe impairments could reasonably be expected to produce his alleged symptoms. Tr. 23. The ALJ then proceeded to consider Yohannes M.'s allegations in concert with the other evidence in the record, including Yohannes M.'s statements about his symptoms over time, the extent of his daily activities, and the objective evidence in the record. Tr. 23-26. In considering the totality of the evidence, the ALJ explained her finding that Yohannes M.'s statements about the severity of his symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Yohannes M.'s impairments are not disabling and that he can perform work with the limitations contained in the RFC. Substantial evidence supports the ALJ's decision in this regard. *See Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) ("Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [the claimant's] alleged symptoms with objective evidence as just one component of the assessment. . . . Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [the claimant's] symptoms, this argument is without merit." (citation omitted)).

Yohannes M.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. Accordingly, Yohannes M.'s argument to the contrary is unavailing.

For the reasons set forth above, Yohannes M.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 21) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____

Timothy J. Sullivan
United States Magistrate Judge